IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mitchell Shane Matthews, | C/A No.: 1:16-2314-BHH-SVH |
| Plaintiff, | |
| vs. | |
| Ms. Holly Scaturo; Ms. Kimberly Poholchuk; Ms. Cynthia Helff; Dr. Kelly Gothard; Dr. Gorden Brown; Dr. Rozanna Tross; Dr. Amy Swan; Dr. Marie Gehle; Dr. Donna Schwartz-Watts; Capt. Frank Abney; Mr. Galen Sanders; Mr. Harold Alexander; Ms. Charlene Hickman; Dr. John McGill; and Mr. Allen Wilson, | REPORT AND RECOMMENDATION |
| Defendants. | |

Mitchell Shane Matthews ("Plaintiff"), proceeding pro se and in forma pauperis, is involuntarily committed to the custody of the South Carolina Department of Mental Health ("SCDMH") under the provisions of the Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10, *et seq*. ("SVPA"). He filed this action, alleging several violations of his constitutional rights. This matter comes before the court on Defendants'[1] motion for summary judgment. [ECF No. 37]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 38]. The motion having been fully briefed [ECF Nos. 43, 45], it is ripe for

---

[1] While Swan did not technically join in the motion for summary judgment, the undersigned uses the term "Defendants" for ease of reference.

disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion for summary judgment.

I.   Factual Background

The SCDMH and the South Carolina Department of Corrections ("SCDC") have entered into an interagency agreement whereby the Sexually Violent Predator Treatment Program ("SVPTP") residents are housed in a segregated location within the Broad River Correctional Institution ("BRCI"). *See* S.C. Code Ann. §44-48-100(A); *In re Luckabaugh*, 568 S.E.2d 338, 345 (2002). In December 2016, the operation of the SVPTP was transferred to Correct Care Recovery Solutions.[2] Scaturo Aff. ¶ 4.[3]

Plaintiff alleges that Defendants violated his constitutional rights by not allowing him to practice his religious belief, "his right to be released after completion of prison sentencing," and the "punitive and restrictive nature of the program."[ECF No. 1 at 9]. In the space for Plaintiff to state the facts underlying his claim, he generally alleges:

> constant abuse of authority, lack of staff, unreasonable search and seizure of personal property, lack of treatment, condi[tions] of living space, abusive

---

[2] The undersigned notes that because Defendants are no longer responsible for the SVPTP, Plaintiff's requests for injunctive relief are moot. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007) (finding that a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to the conditions of his confinement there).

[3] The affidavit of Holly Scaturo may be found at ECF No. 37-2.

> rules and policies, unreasonably restrictive rules and policies, under qualified staffing, lack of adequate medical and dental treatment, unreasonable and unnecessary lockdowns.

*Id*. at 11–12. Plaintiff provides greater specificity related to allegedly inadequate dental care related to a cracked tooth, inadequate medical care related to a broken wrist, and the confiscation in October 2014 of a novel he wrote. *Id*. at 13.

II. Discussion

   A. Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However,

"[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B. Analysis

Involuntarily-committed mental patients retain a liberty interest in conditions of reasonable care and safety and in reasonably-nonrestrictive confinement conditions. *Youngberg v. Romeo,* 457 U.S. 307, 324 (1982). Due process requires that the conditions and duration of confinement bear some reasonable relation to the purpose for which persons are committed. *See Seling v. Young,* 531 U.S. 250, 265 (2001); *Youngberg,* 457 U.S. at 324. In deciding whether a civilly-institutionalized individual's constitutional rights have been violated, the courts must balance the individual's liberty interest against the relevant state interests, but deference must be given to the decisions of professionals. *Youngberg,* 457 U.S. at 321. "[T]he decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a

4

judgment." *Id.* at 323. Deference to professionals ensures that federal courts do not unnecessarily interfere with the internal operations of state institutions. *Id.* at 322.

1. Medical Care

In his response, Plaintiff fails to address his claims regarding improper dental care and medical care related to his wrist, such that it appears he has abandoned these claims. "The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action." *Eady v. Veolia Transp. Servs., Inc.*, 609 F. Supp. 2d 540, 560–61 (D.S.C. 2009). Out of an abundance of caution, the court addresses Plaintiff's claims as follows.

a. Constitutional Standard

In *Patten v. Nichols*, 274 F.3d 829 (4th Cir. 2001), the Fourth Circuit concluded that a denial of medical care claim brought by an involuntarily-committed mental patient "must be measured against the professional judgment standard articulated by the [Supreme] Court in *Youngberg*." 274 F.3d at 838. The court noted that "[w]hile it is clear that intentionally harmful conduct may constitute a violation of the Fourteenth Amendment, it is equally clear that negligence alone does not amount to a constitutional violation." *Id*. at 834.

Defendant argues that Plaintiff has not shown that Defendants violated the professional judgment standard in *Youngberg* in providing Plaintiff dental treatment or treatment related to his wrist. Defendants submitted Plaintiff's medical records, which show that Plaintiff has been treated by the SCDMH dental clinic many times. [ECF Nos. 37-4 and 37-5]. While it appears he has continued to have problems with his teeth,

5

Plaintiff has not provided sufficient evidence to identify a genuine dispute of material fact that Defendants' provision of dental care to Plaintiff violated his constitutional rights.

Additionally, the record demonstrates Plaintiff has been seen numerous times related to his wrist fracture. [ECF Nos. 36-6, 36-7, and 36-8]. The record before the court is insufficient to identify a genuine dispute of material fact that Defendants violated Plaintiff's constitutional rights in providing him medical care related to his wrist.

b. Medical Malpractice

To the extent Plaintiff asserts claims for medical malpractice, Swan argues that Defendant has failed to comply with the prerequisites for filing a claim pursuant to S.C. Code Ann. § 15-36-100(B). The statute requires that as part of a "Notice of Intent to Sue," a plaintiff alleging a medical malpractice claim must also file an affidavit of an expert witness. The undersigned agrees that Defendants are entitled to dismissal of any claim for medical malpractice against Defendants.[4]

2. First Amendment Violation

In his complaint, Plaintiff generally claims Defendants violated his First Amendment rights. [ECF No. 1 at 9]. In his response he alleges: "The church staff are made to feel uncomfortable, and often turned around, and not allowed to visit. I can not write my papers addressing the mistreatment within the SVP, as they are not permitted, they are contraband, my level taken." [ECF No. 43 at 8]. Plaintiff has failed to identify

---

[4] Although Swan's motion to dismiss did not address any alleged constitutional claims, the undersigned finds that Plaintiff has failed to properly plead additional claims against Swan.

any policy that interferes with his First Amendment rights, nor does he provide factual allegations about a specific incident in which his First Amendment rights were violated. Based on the record before the court, the undersigned recommends Defendants be granted summary judgment on Plaintiff's First Amendment claims.

### 3. SVPTP as Punitive and Conditions of Confinement

Courts have consistently held that the SVPA is a civil, non-punitive scheme that does not violate the double jeopardy or ex-post facto clauses. *See, e.g.*, *Michau v. Charleston County, S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (citing *In re Matthews,* 550 S.E.2d 311, 316 (S.C. 2001) (concluding that the SVPA is civil rather than criminal and that confinement under the SVPA is non-punitive); *Kansas v. Hendricks,* 521 U.S. 346, 365–69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil, rather than criminal, detention scheme)).

Plaintiff generally alleges he is subjected to unreasonable searches and seizures. Defendants argue that searches of residents' rooms for contraband are a necessary part of confinement, even in a treatment program, to maintain the security and safety of the environment. Scaturo Aff. ¶ 19. Plaintiff has failed to show that such policies depart so substantially from accepted professional judgment that they cannot be based on professional judgment. *Youngberg,* 457 U.S. at 324. Therefore, deference should be given to Defendants, and the undersigned recommends they be granted summary judgment on these claims.

    4.  Confiscation of his Novel

Plaintiff argues that Defendants unconstitutionally confiscated his novel. Plaintiff previously filed a lawsuit related to his novel and the court dismissed his claim. *See Matthews v. Magill*, C/A No.: 1:16-3362-BHH. Therefore, the undersigned recommends Plaintiff's claim of illegal confiscation of his novel be dismissed. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

    5.  Eleventh Amendment Immunity

Defendants argue that, to the extent Plaintiff sues them for monetary damages in their official capacities, they are immune from suit.[5] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Here, Defendants are agents of the state and are therefore immune from suit for monetary damages in their official capacities.

---

[5] Defendants are sued in their official and individual capacities.

III.     Conclusion and Recommendation

Based on the foregoing, the undersigned recommends the district judge grant Defendants' motion for summary judgment [ECF No. 37]. For the reasons discussed herein, the undersigned also recommends Wilson's motion to dismiss [ECF No. 17] and Swan's motion to dismiss [ECF No. 25] be granted.

IT IS SO RECOMMENDED.

June 5, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).