IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mitchell Shane Matthews, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Ms. Holly Scaturo; Ms. Kimberly Poholchuk; Ms. Cynthia Helff; Dr. Kelly Gothard; Dr. Gorden Brown; Dr. Rozanna Tross; Dr. Amy Swan; Dr. Marie Gehle; Dr. Donna Schwartz-Watts; Capt. Frank Abney; Mr. Galen Sanders; Mr. Harold Alexander; Ms. Charlene Hickman; Dr. John McGill; and Mr. Allen Wilson, | ) ) ) ) ) ) ) ) ) ) ) | Civil No. 1:16-cv-2314-BHH  **ORDER** |
| Defendants. | ) ) | |

Plaintiff, who is proceeding pro se and in forma pauperis, filed this action alleging several violations of his constitutional rights. Plaintiff is involuntarily committed to the custody of the South Carolina Department of Mental Health ("SCDMH") under the provisions of the Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10, *et seq.* ("SVPA").

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On June 5, 2017, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court grant Defendants' pending motions for summary judgment and to dismiss. Specifically, the Magistrate Judge determined that Plaintiff has not provided sufficient evidence to identify a genuine dispute of material fact as to the constitutionality of the dental and medical care

provided to Plaintiff.  Also, the Magistrate Judge determined that to the extent Plaintiff asserts a claim for medical malpractice, Plaintiff has not filed the requisite affidavit in accordance with S.C. Code Ann. § 15-36-100(B).  Next, the Magistrate Judge determined that Defendants are entitled to summary judgment on Plaintiff's First Amendment claims and his claim that he is subject to unreasonable searches and seizures.  With respect to Plaintiff's claim that Defendants confiscated his novel, the Magistrate Judge recommended dismissal because Plaintiff has already sued on this claim.  *See Matthews v. Magill*, Civil No. 1:16-cv-3362-BHH.  Lastly, the Magistrate Judge determined that to the extent Plaintiff is suing Defendants in their official capacity for monetary damages, Defendants are entitled to Eleventh Amendment immunity.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must

'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's findings.

Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 49); and the Court grants Defendants' motion for summary judgment (ECF No. 37), Defendant Wilson's motion to dismiss (ECF No. 17), and Defendant Swan's motion to dismiss (ECF No. 25). Lastly, having found that Defendants are entitled to summary judgment and/or dismissal of this matter, the Court also denies Plaintiff's "motion for evidentiary hearing and motion for fast and speedy trial" (ECF No. 47).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

June 26, 2017
Charleston, South Carolina